```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
NORTH STAR CONCRETE CONSTRUCTION
CORP.,

                    Petitioner,
                                            MEMORANDUM & ORDER
         -against-                          14-CV-3498(JS)(ARL)

EMPIRE STATE CARPENTERS FRINGE
BENEFITS FUNDS,

                    Respondent.
------------------------------------X
APPEARANCES
For Petitioner:    Robert James La Reddola, Esq.
                   La Reddola, Lester & Associates, LLP
                   600 Old Country Road, Suite 224
                   Garden City, NY 11530

For Respondent:    Charles R. Virginia, Esq.
                   Michael Howard Isaac, Esq.
                   Virginia & Ambender LLP
                   40 Broad Street, 7th Floor
                   New York, NY 10004
```

FILED
CLERK
3/22/2016 10:12 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

SEYBERT, District Judge:

Presently pending before the Court is petitioner North Star Concrete Construction Corp.'s ("Petitioner") motion to remand to state court pursuant to 28 U.S.C. § 1447. (Docket Entry 11.) For the following reasons, Petitioner's motion is DENIED.

BACKGROUND[1]

On May 8, 2014, Petitioner commenced this action in the Supreme Court of the State of New York, County of Suffolk, by

---

[1] Unless otherwise noted, the following facts are taken from the Petition and are presumed to be true for the purposes of this Memorandum & Order.

filing a Verified Petition (the "Petition"). (Pet., Not. of Removal at Ex. A, Docket Entry 1-1, at 5-10.)[2] Petitioner, a commercial and industrial construction business, is a member of the Association of Concrete Construction Contractors of New York, Inc. (Pet. ¶¶ 2, 5.) Petitioner alleges that "[a]s part of our association, we have a Collective Bargaining Agreement with the Northeast Regional Council of Carpenters," (the "CBA"). (Salgado Aff., Docket Entry 11-2, ¶ 1; CBA, Pet. at 18-44.) Respondents Empire State Carpenters Annuity, Apprenticeship, Pension, Welfare, and Labor Management Cooperation Funds ("Respondents" or the "Funds")[3] are multiemployer labor management trust funds and a labor management cooperation committee. (Not. of Removal, Docket Entry 1, ¶¶ 2-3.) Petitioner alleges that the "relationship between the Fund[s] and the Petitioner is governed by [the CBA]." (Pet. ¶ 4.)

On March 19, 2014, an arbitration was conducted by J.J. Pierson, Esq., an arbitrator designated by the Funds, in Horsehead, New York. (Pet. ¶ 14; Arb. Award, Pet. Ex. 1, Docket

---

[2] For ease of reference, the Court will refer to the pagination generated by the Electronic Case Filing System when referring to the Verified Petition and its exhibits.

[3] Respondents note that the Petition erroneously refers to them as the "Empire State Carpenters Fringe Benefits Funds." (Resp'ts' Br., Docket Entry 11-25, at 1.) Respondents' correct name is Trustees of the Empire State Carpenters Annuity, Apprenticeship, Pension, Welfare, and Labor Management Cooperation Funds. (Resp'ts' Br. at 1.)

Entry 1-1 at 13-16, at 13.) The arbitrator's Collection Award and Order dated April 14, 2014 (the "Arbitration Award") states that the arbitration was conducted "after due notice of the hearing was issued to the [Petitioner]." (Arb. Award at 13.) However, Petitioner alleges that it did not receive any such notice. (Pet. ¶ 16.) The Arbitration Award held that Petitioner was "delinquent in payment of fringe benefit contributions to the Funds" for the period from June 2013 through November 2013 and was liable for a total of $143,901.65 in damages, interest, liquidated damages, and attorneys' fees. (Arb. Award at 14.)

On April 3, 2014, the Funds requested an audit of Petitioner's records for the period of January 1, 2013 to April 3, 2014. (Pet. ¶ 18.) On April 11, 2014, the Funds sent a second letter indicating that they sought to recover $425,749.49 plus additional interest, costs, and fees, and unless Petitioner provided permission for an audit within seven days, an arbitration would be scheduled or a lawsuit would be commenced. (Pet. ¶ 19.) On April 28, 2014, counsel for the Funds sent Petitioner a copy of the Arbitration Award. (Pet. ¶ 21.)

The Petition seeks to vacate or modify the Arbitration Award on the following grounds: (1) the arbitration was not properly noticed (Pet. ¶ 23); (2) "jurisdiction is improper" as any arbitration should have been held in Hauppauge, New York, instead of Horsehead, New York (Pet. ¶ 24); (3) the arbitration

3

did not follow the American Arbitration Association rules with respect to the co-selection of an arbitrator and venue disputes "as provided for by Article 5 of the [CBA]" (Pet. ¶ 25); (4) pursuant to the CBA, "[a]rbitration is premature prior to the conducting of the audit" (Pet. ¶ 26); and (5) the CBA does not provide for damages to be calculated based on the assumption that the hours subject to contributions for the requested audit period "are the highest number of reported hours for any week/month during the audit period approximation (Pet. ¶ 6(c))."

Petitioner avers that an audit was scheduled to take place on June 11, 2014 and that "[a]s such, the entire arbitration proceeding was premature and not per the CB[A] at all." (Pet. ¶¶ 9, 11.)[4] Petitioner also alleges that "the [CBA] does not provide for arbitration for fringe benefits, as it only states procedures for conducting an audit." (Pet. ¶ 22.)

On June 3, 2014, Respondents filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Not. of Removal.) Respondents allege that this Court possesses original jurisdiction over this matter pursuant to Labor Management Relations Act ("LMRA") Section 301, 29 U.S.C. § 185, and Employee

---

[4] Petitioner alleges that the audit "determined that no amount was due the Fund from January 1, 2013 to June 19, 2014." (Pet'r's Br. at 7.)

4

Retirement Income Security Act ("ERISA") Sections 502(e)(1) and 502(f), 29 U.S.C. § 1132(e)(1) and (f). (Not. of Removal ¶ 7.)

On September 17, 2014, Petitioner filed a motion to remand. (Pet'r's Mot., Docket Entry 11.) Petitioner argues that its state law claims are not preempted by the LMRA or ERISA; the Federal Arbitration Act does not provide an independent grant of federal question jurisdiction; and that it should be awarded attorneys' fees, costs, and expenses in connection with the improper removal of this action to federal court. (See generally Pet'r's Br., Docket Entry 11-15.) Specifically, Petitioner avers that the Petition is not preempted because the only claims at issue are violations of New York Civil Practice Law and Rules ("CPLR") Article 75 that are independent of the CBA. (Pet'r's Br. at 8-15.) Petitioner also alleges that the Court must determine that the Petition states a claim under LMRA Section 301 for the complete preemption doctrine to apply. (Pet'r's Reply Br., Docket Entry 11-27, at 7.)

Respondents counter that: (1) Petitioner's claims are preempted by the LMRA because the Arbitration Award "resulted from an application of the CBA" and the Court must interpret the CBA to determine Petitioner's claims; and (2) there is no basis for an award of attorneys' fees, costs, and expenses because removal was proper. (Resp'ts' Br., Docket Entry 11-25, at 6-8, 11-12.)

5

DISCUSSION

I.   Legal Standard

Generally, a defendant may only remove an action from state court to federal court if the case could have initially been commenced in federal court based on federal question or diversity jurisdiction. Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). The removing party bears the burden of establishing federal jurisdiction and "'must allege a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations.'" Durak v. Ent. Elec., Contractors, Inc., No. 07-CV-5360, 2009 WL 877183, at *1 (E.D.N.Y. Mar. 30, 2009) (quoting Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998)). Additionally, "[a] federal court must remand a case if 'at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]'" Citibank, 395 F. Supp. 2d at 10 (quoting 28 U.S.C. § 1447).

Federal question jurisdiction is generally subject to the "well pleaded complaint" rule, "which requires that a claim arising under federal law be apparent on the face of the plaintiff's complaint." Mery Steel Works, Inc. v. Local Union 580 of Int'l Ass'n of Bridge, No. 06-CV-6028, 2007 WL 2349916, at *2 (S.D.N.Y. Aug. 16, 2007). However, pursuant to the doctrine of

"complete preemption," certain federal statutes are deemed to have "such 'extraordinary' preemptive force that state-law claims coming within the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims--i.e., completely preempted." Sullivan v. Am. Airlines, 424 F.3d 267, 272 (2d Cir. 2005) (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65, 107 S. Ct. 1542, 1547, 95 L. Ed. 2d 55 (1987)). This "jurisdictional transformation" takes place even in actions where federal law issues are only asserted as defenses. Mery Steel Works, 2007 WL 2349916, at *2. The Supreme Court has found that three federal statutes support complete preemption based on their "requisite extraordinary preemptive force": (1) LMRA Section 301; (2) ERISA Section 502(a); and (3) National Bank Act Sections 85 and 86. Sullivan, 424 F.3d at 272 (citations omitted).

A. LMRA Preemption

LMRA Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). It is well-settled that where the Court must interpret a collective bargaining agreement to determine a state law claim, the application of state law is preempted and federal labor law governs the resolution of the dispute. See Lingle v. Norge Div. of Magic

Chef, Inc., 486 U.S. 399, 405-06, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988); Caterpillar Inc. v. Williams, 482 U.S. 386, 394, 107 S. Ct. 2425, 2431, 96 L. Ed. 2d 318 (1987) ("Section 301 governs claims founded directly on rights created by collective bargaining agreements, and also claims substantially dependent on analysis of a collective bargaining agreement.") (internal quotation marks and citations omitted); Campbell v. Kane, Kessler, P.C., 144 F. App'x 127, 130 (2d Cir. 2005).

Federal courts have exercised jurisdiction pursuant to LMRA Section 301 with respect to actions to confirm or vacate arbitration awards. Jamaica Buses, Inc. v. Transp. Workers' Union, AFL-CIO, Local 100, No. 02-CV-2533, 2003 WL 1621026, at *2 (E.D.N.Y. Mar. 26, 2003) (collecting cases). See, e.g., Basir v. New Carlton Rehab. and Nursing Ctr., No. 13-CV-5726, 2015 WL 5579863, at *4 (E.D.N.Y. Sept. 22, 2015) (Holding that the LMRA governed the plaintiff's action to vacate an arbitration award where the "claims center[ed] directly on rights created by the [collective bargaining agreement] between [plaintiff's] union and her employer, and require[d] the application and interpretation of the [collective bargaining agreement].").

However, "as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." Lingle, 486 U.S. at 409-410, 108 S. Ct. at 1883 (Holding that the

8

state law retaliatory discharge claim was not preempted by the LMRA.). See also Foy v. Pratt & Whitney Grp., 127 F.3d 229, 233 (2d Cir. 1997) (Holding that the state law misrepresentation claim was not preempted by the LMRA and noting that "the bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished.") (internal quotation marks and citation omitted); Jordan v. MV Transp., Inc., 14-CV-3759, 2016 WL 748115, at *5 (E.D.N.Y. Feb. 3, 2016), report and recommendation adopted, 2016 WL 754358 (Feb. 24, 2016) (Holding that the New York Labor Law claims were not preempted by the LMRA and noting that "[w]hile it may be the case that the pertinent CBAs provided [plaintiff] with parallel or additional rights, those agreements could not override [plaintiff's] independent statutory rights under the NYLL.").

II. Analysis

Petitioner primarily argues that its claims are "independent" of the CBA and center solely on Respondents' alleged failure to comply with the arbitration procedures set forth in Article 75 of the CPLR. (Pet'r's Br. at 9-13.) However, this argument is belied by a plain reading of the Petition. The Petition requests that the Arbitration Award be vacated or, alternatively, modified to reflect alleged payments made by Petitioner. (Pet. at 10.) While the Petition asserts that "the Arbitration was held without proper notice," (Pet. ¶ 23) it also

9

contains bases for vacating and/or modifying the Arbitration Award that expressly rely on the terms of the CBA. Particularly, Petitioner asserts that: (1) the arbitration did not adhere to the American Arbitration Association rules with respect to the co-selection of an arbitrator and venue disputes "as provided for by Article 5 of the [CBA]"; and (2) pursuant to the CBA, "[a]rbitration is premature prior to the conducting of the audit." (Pet. ¶¶ 23-26; see also Pet. ¶ 7 ("Pursuant to Article 16 of the [CBA], the only [CBA] based remedy for a claimed deficiency is an audit.").) Indeed, Petitioner concedes in its memorandum of law that it is attempting to vacate the Arbitration Award not only because it was allegedly "held without any notice of intent to arbitrate" but because it was "conducted prior to scheduling an audit, and without jurisdiction as it was in an inappropriate venue." (Pet'r's Br. at 11.) Thus, Petitioner's claims "require the application and interpretation of the CBA," Basir, 2015 WL 5579863, at *4, and the application of state law is preempted with respect to this action. Contra Lingle, 486 U.S. at 409-410, 108 S. Ct. at 1883; Foy, 127 F.3d at 233; Jordan, 2016 WL 748115, at *5.[5]

---

[5] Petitioner's apparent argument that Respondents must also establish that this action implicates a significant, contested federal issue is wholly misplaced. (See Pet'r's Br. at 15-17.) Petitioner relies on decisions addressing whether removal to federal court is appropriate because "the vindication of a state law right necessarily turns on a question of federal law."

10

The Court is not persuaded by Petitioner's apparent argument that this matter is distinguishable from actions to vacate arbitration awards that were held to be preempted because the Petition challenges procedure rather than the substance of the Arbitration Award. (See generally Pet'r's Br. at 13-15.) The Court's need to analyze the CBA in determining this action is not obviated by the fact that Petitioner attacks the Arbitration Award based on alleged procedural defects. As previously noted, one such procedure addressed in the Petition is the audit procedure proscribed by the CBA. (See, e.g., Pet. ¶ 7.) Moreover, Petitioner's attempt to style Respondents' alleged failure to provide arbitration notice as a violation of CPLR Article 75, rather than the CBA, does not alter the Court's clear need to interpret the CBA in determining whether the Arbitration Award should be vacated based on the other grounds set forth in the Petition.

Further, Petitioner's reliance on Trustees of Local Union No. 580 of the Int'l Ass'n of Bridge, Structural, Ornamental and Reinforcing Iron Workers Employee Benefit Funds v. General Fence Corporation, No. 13-CV-6006, 2014 WL 1800428 (E.D.N.Y.

---

Fracasse v. People's United Bank, 747 F.3d 141, 144 (2d Cir. 2014). See also Gunn v. Minton, 133 S. Ct. 1059, 185 L. Ed. 72 (2013). As Respondents expressly rely on the complete preemption doctrine as a basis for removing this action, the factors set forth in Gunn and applied by the Fracasse Court are inapplicable to this matter.

11

May 5, 2014) is highly misplaced. (See Pet'r's Reply Br. at 1.) In General Fence, the petitioner filed a state court action to confirm an arbitration award rendered pursuant to a collective bargaining agreement and the respondent removed the action to federal court. General Fence, 2014 WL 1800428, at *2. In granting the petitioner's motion to remand, the court noted that neither party moved to vacate or modify the award and concluded that the standards for confirmation of an arbitration award "do not require that the court review the underlying claims that were determined in the arbitration or substantially interpret the CBA provisions that support the award." Id. at *6. Conversely, here, Petitioner seeks to vacate the arbitration award and asserts grounds that require an interpretation of the CBA.

Parenthetically, the Court rejects Petitioner's assertion that it is required to determine that the Petition states a claim under LMRA Section 301 for the complete preemption doctrine to apply. (Pet'r's Reply Br. at 7.) Indeed, this argument appears to be a transformation of one sentence in Jeltsch v. United Parcel Serv., Inc., No. 86-CV-1255, 1988 WL 3440, at *4 (S.D.N.Y. Jan. 11, 1988), in which the court merely stated that when it denied a prior motion to remand, "it held that [plaintiff] had stated a claim under § 301 of the [LMRA]." (Pet's's Reply Br. at 7 (quoting Jeltsch, 1988 WL 3440, at *3).) However, "[w]hen a district court evaluates a motion to remand, the court does not reach the merits

of the underlying dispute but instead decides only the question of whether removal to the federal court was proper." <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F. Supp. 2d 163, 177 (S.D.N.Y. 2003) (internal quotation marks and citations omitted). The Court declines to render any determination with respect to the merits of the Petition at this time and disregards Petitioner's arguments to the extent they pertain to the Petition's underlying claims. To that regard, the parties' factual dispute with respect to the applicability or effect of the Funds' Joint Policy for the Collection of Delinquent Contributions is not relevant to this motion. (<u>See</u> Pet'r's Reply Br. at 8-9; Resp't's Br. at 2.)

Accordingly, Petitioner's motion to remand is DENIED. In light of the Court's determination that it possesses jurisdiction over this action, the Court need not address Petitioner's arguments regarding the Federal Arbitration Act or ERISA. (<u>See</u> Pet'r's Br. at 11, 17-18.)

III. <u>Attorneys' Fees</u>

Finally, Petitioner requests attorneys' fees, costs, and expenses pursuant to 28 U.S.C. Section 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively

13

reasonable basis for seeking removal." <u>Calabro v. Aniqua Halal Live Poultry Corp.</u>, 650 F.3d 163, 166 (2d Cir. 2011) (internal quotation marks and citation omitted; alteration in original).  In light of the Court's determination that it possesses subject matter jurisdiction over this action, the Court finds that Respondents had an objectively reasonable basis for seeking removal of this case.  Accordingly, Petitioner's motion for attorneys' fees and costs is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to remand to state court (Docket Entry 11) is DENIED.  The Clerk of the Court is directed to correct the docket to reflect Respondents' correct name: Empire State Carpenters Annuity, Apprenticeship, Pension, Welfare, and Labor Management Cooperation Funds.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  March  22 , 2016
        Central Islip, New York