```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION AND
WELFARE FUNDS,

                    Plaintiff,
                                            MEMORANDUM & ORDER
         -against-                          14-CV-3132(JS)(GRB)
                                            14-CV-3498(JS)(ARL)
NORTH STAR CONCRETE CONSTRUCTION CORP.,

                    Defendant.
----------------------------------------X
NORTH STAR CONCRETE CONSTRUCTION CORP.,

                    Petitioner,

         -against-

EMPIRE STATE CARPENTERS ANNUITY,
APPRENTICESHIP, PENSION, WELFARE,
and LABOR MANAGEMENT COOPERATION FUNDS,

                    Respondent.
----------------------------------------X
APPEARANCES
For Plaintiff/Respondent:    Charles R. Virginia, Esq.
                             Nicole Marimon, Esq.
                             Michael Howard Isaac, Esq.
                             Richard B. Epstein, Esq.
                             Virginia & Ambinder LLP
                             40 Broad Street, 7th Floor
                             New York, NY 10004

For Defendant/Petitioner:    Richard B. Ziskin, Esq.
                             The Ziskin Law Firm, LLP
                             6828 Jericho Turnpike, Suite 12A
                             Commack, NY 11725

                             Robert James LaReddola, Esq.
                             Michael Feinstein, Esq.
                             La Reddola, Lester & Associates LLP
                             600 Old Country Road, Suite 224
                             Garden City, NY 11530
```

SEYBERT, District Judge:

On May 19, 2014, Plaintiff-Respondent Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (the "Funds")[1] commenced an action against Defendant-Petitioner North Star Concrete Construction Corporation ("North Star") under Docket Number 14-CV-3132 (the "Funds Action") asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), the Labor Management Relations Act of 1947 ("LMRA"), and the Federal Arbitration Act ("FAA") to confirm and enforce an arbitration award rendered in connection with a collective bargaining agreement (the "CBA") between the Northeast Regional Council of Carpenters and North Star (the "Arbitration Award"). (See Compl., Funds Action, ¶¶ 1, 4-15.)

On May 8, 2014, North Star commenced an action against the Funds in the Supreme Court of the State of New York, County of Suffolk, seeking to vacate or modify the Arbitration Award (the

---

[1] The Court notes that the earlier-filed action was commenced by "Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds," while the later-filed action was commenced against "Empire State Carpenters Annuity, Apprenticeship, Pension, Welfare, and Labor Management Cooperation Funds." The Court's review of the dockets indicates that Plaintiff in the earlier-filed action and Respondent in the later-filed action are the same multiemployer labor management trust funds and labor management cooperation committee. (Compare Compl., Funds Action, ¶¶ 4-5 with Ans., North Star Action, Docket Entry 4, ¶ 3.)

"North Star Action"). (Not. Removal, Ex. A, Docket No. 14-CV-3498, Docket Entry 1-1, at 1-4.) The Funds removed the North Star Action to this Court and it was assigned Docket Number 14-CV-3498. (Not. Removal, North Star Action, Docket Entry 1.) On September 17, 2014, North Star filed a motion to remand to state court. (North Star Mot., North Star Action, Docket Entry 11.) On March 22, 2016, this Court denied North Star's motion, holding that the application of state law was preempted by the LMRA. (Order, North Star Action, Docket Entry 12, at 9-13.)

Presently pending before the Court is the Funds' unopposed motion to consolidate the Funds Action and the North Star Action (the "Funds' Motion"). (Funds' Mot., Funds Action, Docket Entry 15; North Star Action, Docket Entry 15.)

The Court has reviewed the dockets in the Funds Action and the North Star Action and finds that these actions "involve [ ] common question[s] of law or fact." FED. R. CIV. P. 42(a). Particularly, both actions contain claims related to the Arbitration Award and the CBA. Thus, the Court finds that consolidation is warranted to avoid the duplicative and unnecessary use of judicial resources. See FED. R. CIV. P. 42(a)(3); Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990) ("[t]he trial court has broad discretion to determine whether consolidation is appropriate . . . [and] courts have taken the

view that considerations of judicial economy favor consolidation").

CONCLUSION

For the foregoing reasons, the Funds' Motion (Funds Action, Docket Entry 15; North Star Action, Docket Entry 15) is GRANTED and the Clerk of the Court is directed to CONSOLIDATE <u>Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds v. North Star Concrete Construction Corp.</u>, No. 14-CV-3132, and <u>North Star Concrete Construction Corp. v. Empire State Carpenters Annuity, Apprenticeship, Pension, Welfare, and Labor Management Cooperation Funds</u>, No. 14-CV-3498. All future filings are to be docketed in the earlier case number, 14-CV-3132, and the Clerk of the Court is directed to mark case number 14-CV-3498 CLOSED. Upon consolidation, the Clerk of the Court is directed to add the Complaint and Answer in Case No. 14-CV-3498, (Docket Entries 1 and 4), on the docket in Case No. 14-CV-3132.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: December  8 , 2016
       Central Islip, New York